Filed 2/24/25  Santa Clara Valley Transportation Authority v. Lebrun CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SANTA CLARA VALLEY TRANSPORTATION AUTHORITY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ROLAND R. LEBRUN, <br><br> Defendant and Appellant. | H050796 <br> (Santa Clara County <br> Super. Ct. No. 21CH010472) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

In public comments at a virtual meeting of the Santa Clara Valley Transportation Authority (VTA) Policy Advisory Committee, defendant Roland Lebrun referred to "my gun" and stated, "I'm ready to shoot and take care of this problem once and for all if things don't change."  The VTA obtained a restraining order under the Workplace Violence Safety Act (Code Civ. Proc., § 527.8) after an evidentiary hearing in which numerous witnesses testified.  The restraining order allowed defendant to electronically submit non-threatening comments and materials to the VTA but enjoined most other contact with the VTA and its employees.  The restraining order expired in December 2024, and the VTA did not seek to renew or otherwise extend it.

"A court is tasked with the duty ' " to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*In re D.P.* (2023) 14 Cal.5th 266, 276.) We have discretion to consider an otherwise moot appeal "when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.' " (*Id.* at p. 282.)

Shortly after the challenged order expired, we invited supplemental briefing about whether this appeal is moot. Lebrun argues that despite the order's expiration, exceptions to the mootness doctrine apply. He argues the case raises a matter of broad public interest, specifically: "whether a single rhetorical statement, made to a public agency during the speaker's allotted time to speak, is sufficient to support a [workplace violence restraining order]." He also argues the trial court's ruling is a "stigma on the appellant's character, dignity and reputation which impacted his credibility and resulted in missed employment opportunities." We are not persuaded that the case warrants appellate review based on any of the recognized exceptions to mootness, and we therefore decline to reach the merits.

## DISPOSITION

The appeal is dismissed as moot. In the interest of justice, each party shall bear its own costs. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

H050796
*Santa Clara Valley Transport Authority v. Lebrun*